Ms. Pola O'Fallon c/o Ken Ferguson, Director Department of Human Resources 200 East Eighth Avenue, Suite 104 Pine Bluff, AR 71601
Dear Ms. O'Fallon:
You have requested my opinion concerning the disclosability of certain records under the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. § 25-19-101 to -109 (Repl. 1996 Supp. 2001). The supporting information you have provided reflects that the Pine Bluff Commercial has requested your personnel file under the FOIA. The FOI form you completed and forwarded to my office indicates that you desire an appeal of the decision made by the Pine Bluff Department of Human Resources regarding release of the requested records.
My statutory duty under A.C.A. § 25-19-105(c)(3)(B)(i) is to determine "whether the [custodian's] decision is consistent with [the FOIA]." Neither your FOI form nor the attachment (see letter from Ken Ferguson to Pola O'Fallon dated March 21, 2003) indicate what decision the custodian of records has made with respect to the release of the requested records. The custodian's letter to you merely states that the City "will release those records it has determined are open to public inspection within 24 hours from the date you receive this letter." Due to the nature of these "form" letters, I am unable to perform my statutory duty in a meaningful way with regard to the request for these records. I can, however, set forth the general guidelines that the custodian must follow in determining what to disclose.
RESPONSE
I must note that I have not been provided with a copy of your personnel file and therefore cannot opine conclusively on the disclosability of that record or specific information contained therein. However, I will set forth the tests for releasability that are applicable to the types of records that are usually maintained in personnel files. All of these issues are discussed more fully below.
The records contained in your personnel file most likely are either "personnel records" or "employee evaluation or job performance records," within the meaning of the FOIA. It will be important to determine, factually, which of these two categories applies to the records in the file, because the standard for disclosing the two types of records differs.
Employee Evaluation or Job Performance Records
If any of the records in the personnel file constitute "employee evaluation or job performance records," they should not be released.
Under the FOIA, "employee evaluation or job performance records" can be released only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
A threshold question, therefore, is whether any of the records in the file constitute "employee evaluations or job performance records." The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. Although I cannot formulate an official definition for undefined statutory language, I note that the Attorney General has consistently taken the position that records which detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records.See, e.g., Ops. Att'y Gen. Nos. 99-359; 98-006; 97-222; 95-351; 94-306; 93-055. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
A presumption of the above-quoted standard for the release of employee evaluation/job performance records is that the employee in question was either suspended or terminated. Therefore, if you were never suspended or terminated, your employee evaluation/job performance records cannot be released. However, if at any time you were suspended or terminated, such records must be analyzed under the test set forth above.
Personnel Records
Some of the requested records may constitute "personnel records."
Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(10).
The FOIA does not define the term "personnel records." However, the Attorney General has consistently taken the position that "virtually all records pertaining to individual employees," and that are not employee evaluation or job performance records, constitute "personnel records."See, e.g., Op. Att'y Gen. No. 99-054, citing Watkins, The ArkansasFreedom of Information Act, (mm Press 2d ed. 1994) at 125.
If it is determined factually that any of the records in your file constitute "personnel records," a determination must then be made as to whether the release of those records would constitute a "clearly unwarranted invasion of personal privacy." In determining whether the disclosure of particular records would constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The question of whether a "clearly unwarranted invasion of personal privacy" has occurred is a question of fact. See Op. Att'y Gen. No.98-001. Unless it can be factually established that the release of these records would constitute a clearly unwarranted invasion of your personal privacy, the "personnel records" exemption will not apply to these records, and they should be released. (It should be noted that certain information, such as your social security number, and any unlisted telephone numbers, must be redacted from these records prior to their release. Ms. O'Fallon's home address and listed telephone number can also be redacted if the facts are such that she has a heightened privacy interest in this information [e.g., if it is likely to be used to harass her and its disclosure does not further the purposes of the FOIA]. SeeStilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998); Ops. Att'y Gen. Nos. 99-049; 99-016.)[1] In addition, any information subject to a specific exemption in state or federal law should be redacted prior to release.
As a final matter, I note that there is one further basis for withholding certain records from release under certain circumstances: the constitutional right of privacy.
The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City ofLittle Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
If any of the records in your personnel file contain information that meets the three prongs of test laid out by the McCambridge court, a determination must then be made as to whether the governmental interest in disclosure under the FOIA (i.e., the public's legitimate interest in the matter) outweighs your privacy interest in their non-disclosure. This determination will be a factual one, based upon the information about the situation. It should be noted that it is extremely difficult to satisfy the requirements that were set forth by the court in McCambridge. The constitutional claim did not prevail in that case, despite the intensely personal nature of some of the records in question.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] Act 213 of 2003 exempts the home addresses of non-elected municipal employees contained in employer records. It is not yet effective, however.